UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CONNECTICUT GENERAL LIFE INSURANCE CO. *and*
CIGNA HEALTH AND LIFE INSURANCE CO.,

        Plaintiffs,

   -v-

EAST COAST ADVANCED PLASTIC SURGERY, LLC,

        Defendant.

25 Civ. 1686 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

On August 14, 2025, the Court largely denied a motion to dismiss by defendant East Coast Advanced Plastic Surgery, LLC ("ECAPS"). ECAPS now moves for certification of an interlocutory appeal of that decision. For the following reasons, the Court denies the motion.

**I. Background**

The Court assumes familiarity with the background of this insurance-fraud case. In brief, plaintiffs Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company (collectively, "Cigna") claim that ECAPS, an out-of-network health care provider, engaged in fraudulent billing practices that caused Cigna, a health insurer and claims administrator, to overpay by more than $8 million for certain ECAPS services. Cigna brings claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3) *et seq.*, plus state-law claims of common-law fraud, negligent misrepresentation, and unjust enrichment.

On August 14, 2025, the Court largely denied ECAPS's motion to dismiss Cigna's Complaint. Dkt. 58 ("MTD Decision"). On August 27, 2025, ECAPS moved for certification of

1

an interlocutory appeal of that decision. Dkt. 64 ("Motion"). On September 11, 2025, Cigna opposed. Dkt. 69 ("Opp'n"). On September 18, 2025, ECAPS replied. Dkt. 71 ("Reply").

## II. Applicable Legal Standard

A party moving for certification for interlocutory appeal must show that an order (1) "involves a controlling question of law," as to which (2) "there is substantial ground for difference of opinion," and (3) that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *In re Gen. Motors LLC Ignition Switch Litig.*, 427 F. Supp. 3d 374, 391 (S.D.N.Y. 2019) (quoting 28 U.S.C. § 1292(b)). "The movant bears the burden of demonstrating that all three of the substantive criteria are met." *Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *3 (S.D.N.Y. Aug. 4, 2021). "Where a movant fails to satisfy any one of the three statutory criteria, the court may not certify the appeal." *Espinal v. Sephora USA, Inc.*, No. 22 Civ. 3034 (PAE), 2024 WL 4751279, at *4 (S.D.N.Y. Nov. 12, 2024). The Second Circuit has emphasized that certifications should be "strictly limited because only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Fed. Hous. Fin. Agency v. UBS Ams., Inc.*, 858 F. Supp. 2d 306, 337 (S.D.N.Y. 2012) (quoting *Flor v. BOT Fin. Corp.*, 79 F.3d 281, 284 (2d Cir. 1996)), *aff'd*, 712 F.3d 136 (2d Cir. 2013). "Even where the three legislative criteria of section 1292(b) appear to be met, district courts retain unfettered discretion to deny certification if other factors counsel against it." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014) (cleaned up).

## III. Discussion

ECAPS seeks leave to appeal the Court's holding that it had subject matter jurisdiction. The Court rejected ECAPS's argument that Cigna lacked standing to bring its ERISA and state-

law claims. ECAPS argues, in sum, that subject matter jurisdiction presents a pure question of law suitable for interlocutory appeal; that there is substantial ground for difference of opinion because the Court's standing analysis ostensibly conflicts with controlling precedent; and that immediate appeal will materially advance the litigation because, were the Second Circuit to reverse this Court's decision, the ensuing dismissal for lack of subject matter jurisdiction would terminate the action. The Court finds that ECAPS satisfies the first and third prongs of section 1292(b) but fails to satisfy the second prong, which requires that there be substantial ground for difference of opinion on the issue.

> A. Whether This is a Controlling Question of Law, the Resolution of Which Would Materially Advance the Ultimate Termination of the Litigation

Because the first and third prongs of section 1292(b) are "closely connected," *Ema Fin., LLC v. Vystar Corp.*, No. 19 Civ. 1545, 2021 WL 5998411, at *4 (S.D.N.Y. Dec. 20, 2021) (citation omitted), the Court considers them together. Both favor ECAPS.

As to the first prong, the existence of subject matter jurisdiction is a "prototypical 'controlling question of law.'" *Whyte v. WeWork Cos., Inc.*, No. 20 Civ. 1800, 2020 WL 4383506, at *3 (S.D.N.Y. July 31, 2020). Cigna does not argue otherwise. *See* Opp'n at 5.

As to the third prong, an appellate reversal for lack of standing would "materially advance the ultimate termination of the litigation," because it would divest the Court of subject matter jurisdiction and require dismissal of all of Cigna's claims. *See, e.g., Bilello v. JPMorgan Chase Ret. Plan*, 603 F. Supp. 2d 590, 593 (S.D.N.Y. 2009) (interlocutory appeal would "avoid protracted litigation" where reversal would "terminate nearly all of [plaintiff's] claims" (citation omitted)). Cigna notes that ECAPS has brought federal counterclaims, so as potentially to give rise to inefficiencies to the extent that there might be overlap between the document or deposition discovery on Cigna's appealed claims and those counterclaims. But Cigna has moved

to dismiss ECAPS's counterclaims under Rule 12(b)(6). *See* Dkt. 78. And the Court's discovery-supervision tools (including partial or full stays) could minimize discovery inefficiencies to the extent that the parties' claims stood to proceed on different schedules. *See Gastineau v. ESPN Inc.*, No. 25 Civ. 2041 (PAE), 2025 WL 2733155, at *1 (S.D.N.Y. Sept. 24, 2025) (citing Fed. R. Civ. P. 26(c)). Accordingly, this prong also supports ECAPS.

B.    **Whether There is a Substantial Ground for a Difference of Opinion**

ECAPS's motion fails, however, on the second prong of section 1292(b). A "substantial ground for a difference of opinion" may exist when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Tantaros v. Fox News Network, LLC.*, 465 F. Supp. 3d 385, 391 (S.D.N.Y. 2020) (citation omitted). The difference of opinion "must arise out of a genuine doubt as to whether the district court applied the correct legal standard in its order." *In re Enron Corp.*, Nos. 6 Civ. 7828 & 7 Civ. 1957, 2007 WL 2780394, at *1 (S.D.N.Y. Sept. 24, 2007). "A mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion." *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 426 F. Supp. 2d 125, 129 (S.D.N.Y. 2005).

ECAPS argues that the Court's standing analysis affronted controlling precedent because "a statutory cause of action in itself does not give rise to constitutional standing absent cognizable injury in fact." Motion at 12. But ECAPS attacks a straw man. In sustaining Cigna's claims, the Court found that it had alleged two largely monetary injuries-in-fact: the "pocketbook injury to itself, of more than $8 million as a result of [ECAPS's] allegedly fraudulent billing practices" and the expenditure of its time and resources in investigating those billing practices. MTD Decision at 15–16. The two Second Circuit cases on which ECAPS

4

relies, which reaffirm that plaintiffs with statutory standing must still satisfy Article III's standing requirements, are fully consistent with the MTD Decision. *See* Motion at 13–14 (citing *A.H. by E.H. v. N.Y. State Dep't of Health*, 147 F.4th 270 (2d Cir. 2025); *Collins v. Ne. Grocery, Inc.*, 149 F.4th 163 (2d Cir. 2025)). ECAPS does not identify any genuinely conflicting authority.

Also unavailing is ECAPS's alternative argument that the Court erred in finding these two injuries-in-fact. ECAPS contends that one of the Court's findings—that the costs incurred in Cigna's investigation of ECAPS's billing practices constituted a cognizable injury under Article III—conflicts with the Supreme Court's decision in *FDA v. Alliance for Hippocratic Medicine*. Motion at 15–16 (citing 602 U.S. 367 (2024)). But that case concerned costs incurred in "gather[ing] information and advocat[ing] against the defendant's action"—for example, by "drafting citizen petitions" and "engaging in public advocacy and public education." *Alliance for Hippocratic Medicine*, 602 U.S. at 394. Here, in contrast, Cigna incurred costs in uncovering ECAPS's alleged monetary frauds, not in engaging in public advocacy. *See, e.g.*, *Connecticut Gen. Life Ins. Co. v. True View Surgery Ctr. One, LP*, 128 F. Supp. 3d 501, 509 (D. Conn. 2015) (finding injury-in-fact to Cigna based on expenditures of its "time and resources" in investigating defendant's billing practices); *Connecticut Gen. Life Ins. Co. v. Sw. Surgery Ctr., LLC*, No. 14 Civ. 8777, 2015 WL 6560536, at *3 (N.D. Ill. Oct. 29, 2015) (same). ECAPS also disputes that the more than $8 million paid by Cigna satisfied Article III's standing requirements, characterizing Cigna's Complaint as not alleging "that either Plaintiff, via a 'Cigna Plan' or otherwise, made any payment to ECAPS from its own funds in response to a claim submitted by ECAPS." Reply at 5 (quoting Motion at 2)). In fact, the Complaint repeatedly alleges that Cigna overpaid ECAPS by at least $8 million. *See, e.g.*, Dkt. 1 ("Compl.") ¶¶ 10, 81, 87, 92, 100, 125.

5

ECAPS will be at liberty later in this litigation to test Cigna's claims, but the Court, in its MTD Decision, has found them plausibly pled. *See* MTD Decision at 21.

ECAPS also argues that Cigna "fails the redressability prong of standing." Motion at 16. That too is wrong—and not a basis for an interlocutory appeal. The remedy Cigna seeks—that ECAPS return to Cigna the sums Cigna allegedly overpaid it—would redress the monetary injury caused by ECAPS's alleged fraudulent billing. *See* Compl. at 26–27.[1]

Finally, ECAPS argues that the Court erred in holding that Cigna has standing to bring its state-law claims, and faults the Court for not undertaking a third-party standing analysis. Motion at 17–19. The Court, however, found that Cigna's state-law claims "allege injuries to Cigna *itself*" based on ECAPS having allegedly made "numerous false and misleading statements, directly and indirectly, to *Cigna*." MTD Decision at 17 (emphasis in original) (quoting Compl. ¶¶ 77, 84, 90, 107, 114, 124). ECAPS ignores Cigna's well-pled allegations that ECAPS's statements caused Cigna to overpay ECAPS by at least $8 million. *See, e.g.*, Compl. ¶¶ 81, 92, 100. In light of the allegation of direct injuries, there was no occasion for a third-party standing analysis. *See, e.g., Incinia Contracting, Inc. v. Evanston Ins. Co.*, No. 23 Civ. 10917, 2025 WL 2781382, at *4 (S.D.N.Y. Sept. 30, 2025) (stating that "[t]his case does not present a

---

[1] Although not raised in the Motion, the Court notes that a recent Eastern District of New York decision, issued after the MTD Decision, held that the other alleged monetary injury on which Cigna relied here—the costs incurred in investigating fraudulent billing practices—is "not redressable" under ERISA § 502(a)(3), the same provision at issue here. *See AutoExpo Ent. Inc. v. Elyahou*, No. 23 Civ. 9249, 2025 WL 2637493, at *6–7 (E.D.N.Y. Sept. 12, 2025) (finding that "investigation costs" do not resemble a category of relief available at equity, as required by *Cigna Corp v. Amara*, 563 U.S. 421, 441–42 (2011)). Because Cigna also seeks the return of its more than $8 million alleged overpayment to ECAPS—a remedy equitable in nature, *see* MTD Decision at 21–22—this issue does not affect the Court's finding of subject matter jurisdiction, and therefore does not support interlocutory appeal.

third-party standing issue" merely because third parties might benefit from plaintiff enforcing its rights).

The Court, finally, notes that ECAPS neither identifies any genuinely "conflicting authority" with its holding that Cigna has standing nor shows that the issue of Cigna's standing is "particularly difficult" or raises questions of first impression in the Circuit. *Tantaros*, 465 F. Supp. 3d at 391 (citation omitted). Indeed, ECAPS does not point to any case, in any court, where a claims administrator such as Cigna has been held to lack standing to bring claims akin to those here. *See* Opp'n at 1. Accordingly, ECAPS fails to satisfy the second prong of section 1292(b).

## CONCLUSION

For the reasons above, the Court denies ECAPS's motion for certification of an interlocutory appeal. *See, e.g.*, *Bilello*, 603 F. Supp. 2d at 595 (denying motion to certify question of plaintiff's standing for interlocutory appeal where defendant established first and third prongs of section 1292(b), but failed to establish substantial ground for difference of opinion); *Abortion Rts. Mobilization, Inc. v. Regan*, 552 F. Supp. 364, 366 (S.D.N.Y. 1982) (denying same where "[t]he question concerning plaintiffs' standing . . . does not concern a dispute or disagreement as to the applicable law").

The Clerk of Court is respectfully directed to terminate the motion at docket 64.

SO ORDERED.

                                               *Paul A. Engelmayer*
                                         PAUL A. ENGELMAYER
                                         United States District Judge

Dated: November 12, 2025
      New York, New York