**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CONNECTICUT GENERAL LIFE INSURANCE
COMPANY, *et al.*,

                Plaintiffs,

    v.

EAST COAST ADVANCED PLASTIC SURGERY,
LLC,

                Defendant.

---

EAST COAST ADVANCED PLASTIC SURGERY,
LLC,

                Counterclaim-Plaintiff,

    v.

CONNECTICUT GENERAL LIFE INSURANCE
COMPANY, *et al.*,

                Counterclaim-Defendants.

---

Case No. 1:25-cv-01686-PAE

## PROTECTIVE ORDER

WHEREAS, Plaintiffs and Counterclaim-Defendants Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company (collectively, "Cigna") and Defendant and Counterclaim-Plaintiff East Coast Advanced Plastic Surgery, LLC ("Defendant," "Counterclaim-Plaintiff," or "ECAPS"), by and through their undersigned counsel, have agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored protective and confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, this confidentiality and protective order is intended to comply with the federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Health Information Technology for Economic and Clinical Health Act of 2009 (the "HITECH Act"), and regulations adopted thereunder by the U.S. Department of Health and Human Services, 45 C.F.R. Parts 160, 162, and 164 (the "HIPAA Rules"), and applicable state laws and regulations governing patient privacy and protecting healthcare information; and it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.    <u>Designation of Confidential or Confidential-Attorney's Eyes Only Information</u>. Information, documents and other materials may be designated by the producing party (the "Designating Party") in the manner permitted by this Order.  All such information, documents, excerpts from documents, and other materials will constitute "Designated Material" under the Order. The designation shall be either (a) "CONFIDENTIAL" or (b) "CONFIDENTIAL-ATTORNEYS' EYES ONLY."  This Order shall apply to Designated Material produced by any party or third-party in this action.

A.    <u>CONFIDENTIAL</u>.  "CONFIDENTIAL" shall mean information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises the following documents and tangible things produced or otherwise exchanged:

(a)    Trade secrets;

(b)    Proprietary business information, including, but not limited to, non-public financial information;

2

(c)    Information implicating an individual's legitimate expectation of privacy; or

(d)    Protected Health Information ("PHI"), as defined in 45 CFR § 160.103.

B.    CONFIDENTIAL-ATTORNEYS' EYES ONLY.    "CONFIDENTIAL-ATTORNEY'S EYES ONLY" shall mean information that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure could result in irreparable harm or materially impair the legitimate interests of the Designating Party.  The non-Designating Party may challenge the heightened designation by application to the Court in accordance with the applicable rules governing discovery motions and paragraph 8 below.

The protections conferred by this agreement cover not only CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY material (as defined above), but also (1) any information copied or extracted from CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY material; (2) all copies, excerpts, summaries, or compilations of CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY material.

2.    Use of CONFIDENTIAL Information or Items.  A receiving party may use CONFIDENTIAL material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. CONFIDENTIAL material may be disclosed only to the categories of persons and under the conditions described in this agreement.  CONFIDENTIAL material must be stored and maintained

by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

3.    Disclosure of CONFIDENTIAL Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a receiving party may disclose any CONFIDENTIAL material only to the following individuals:

A.    the named parties or legally authorized representatives of the named parties, (including in-house counsel of the receiving party), to whom disclosure is reasonably necessary in connection with their duties that include assisting in the prosecution or defense in this action so long as certain specified persons agree to be bound by this Order by signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

B.    the receiving party's counsel in this action, as well as employees of counsel, including their associates, paralegals, and regularly employed office staff, to whom it is reasonably necessary to disclose the information for this litigation;

C.    experts and consultants to whom disclosure is reasonably necessary for this litigation, for the purpose of obtaining the expert's or consultant's assistance in this case and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

D.    the court, court personnel, and court reporters and their staff whose duties include assisting in the resolution of this action;

E.    copy or imaging services or litigation support services retained by the parties or their counsel to assist in the litigation and computer service personnel performing duties in relation to a computerized litigation system, provided that counsel for the

party retaining the service provider instructs the service provider not to disclose any CONFIDENTIAL material to third parties and to return or destroy all originals and copies of any CONFIDENTIAL material;

F.    during their depositions, witnesses and attorneys for witnesses in the action to whom disclosure is reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that reveal CONFIDENTIAL material may not be disclosed to anyone except as permitted under this agreement;

G.    stenographers or videographers engaged to transcribe or record depositions in this litigation;

H.    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions, provided such persons have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

I.    any other person agreed upon by the parties.

4.    Disclosure of CONFIDENTIAL-ATTORNEYS' EYES ONLY Information or Items. CONFIDENTIAL-ATTORNEYS' EYES ONLY information shall be subject to the same restrictions as CONFIDENTIAL INFORMATION, except that CONFIDENTIAL-ATTORNEYS' EYES ONLY information may be disclosed only to those persons identified in subparagraphs (B)-(E) and (G)-(I).  For those persons identified in subparagraph (F), CONFIDENTIAL ATTORNEYS' EYES ONLY information may be disclosed to a witness or attorney only if the witness is a current employee or representative of the Designating Party, was the author or source of the information to be disclosed, if the witness is a former employee of the Designating party and had lawful access to the information during their employment with the Designating party, or if otherwise agreed to by the Designating Party or ordered by the Court,

5

provided such persons have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

5.    Filing Confidential Information.  Before filing a Motion to Seal, the filing party shall confer with the Designating Party to determine whether a Motion to Seal is necessary.  At least three days before filing CONFIDENTIAL material, the filing party (the "Filer") shall send a list of CONFIDENTIAL material that it plans to file to the Designating Party, and the Designating Party shall inform the Filer which material the Designating Party believes should be filed under seal.  When filing such CONFIDENTIAL material or discussing or referencing such material in court filings, the Filer shall file a Motion to Seal the CONFIDENTIAL material or any documents containing CONFIDENTIAL material under seal.  With the exception of the five categories of "sensitive information" and six categories of information requiring caution as described in the Southern District of New York's ECF Privacy Policy, which shall be governed by that Policy, the Designating Party shall within 14 days of the filing of the sealed material,  draft and file any necessary supporting memorandum or documents to explain why the material should be sealed, to comply with Section 4.B of the Honorable Judge Engelmayer's Individual Rules and Practices in Civil Cases and the Local Rules of the United States District Court for the Southern District of New York ("Individual Rules").

The Parties need not move to seal filings containing Protected Health Information, as defined in 45 C.F.R. § 160.103, provided that all information that identifies the individual or with respect to which there is a reasonable basis to believe the information can be used to identify the individual is redacted from the public filing.  Such redactions shall comply with the District's ECF Privacy Policy and shall also extend to, but need not be limited to, mandatory redaction of patient

names, month and day (but not year) of service, and individual identification numbers assigned by a health plan, market intermediary, or any Party.

      6.      <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this agreement (*see, e.g.*, Section 6(b)(ii) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

      A.      <u>Information in documentary form</u>.  (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the word CONFIDENTIAL to each page that contains confidential material and CONFIDENTIAL-ATTORNEYS' EYES ONLY to each page that contains such material.

      B.      <u>Testimony given in deposition or in other pretrial proceedings</u>.  The parties and any participating non-parties may identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any party or non-party may, within thirty days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as CONFIDENTIAL.  Prior to the expiration of such 30-day period (or until a designation is made by counsel, if such designation is made in a shorter period of time), all deposition testimony and exhibits shall be treated as CONFIDENTIAL or, if indicated by the Designating Party, CONFIDENTIAL-ATTORNEYS' EYES ONLY.

C.      Other tangible items.  The producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word CONFIDENTIAL.  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

7.      Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this agreement for such material.  Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

8.      Challenges to Designations.  Any party or non-party may challenge a designation of confidentiality at any time.  The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement.  If the parties cannot resolve a challenge through the meet-and-confer process, the challenging party may seek resolution by the Court.  Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible.  Each party reserves the right to object to the use or admissibility of the Confidential Information.

9.      Use of Designated Material At Trial.  If a party or non-party desires to protect CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY information at trial, the issue may be addressed during the pre-trial conference or at such other juncture as ordered by the Court.  Nothing in this Protective Order shall prevent Designated Material from being offered in evidence at trial or any court hearing subject to the terms of this Protective Order or upon such other order of the Court.

10.    <u>Third Party Request for Designated Material</u>. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY, that party must:

A.    promptly notify the Designating Party in writing and include a copy of the subpoena or court order;

B.    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

C.    reasonably cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose confidential material may be affected.

D.    If the Designating Party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY before a determination by the court from which the subpoena or order issued, unless the party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey the lawful directive from another court.

11.    <u>Unauthorized Disclosure of Protective Material</u>. If a receiving party learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL or CONFIDENTIAL-

9

ATTORNEYS' EYES ONLY material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. <u>Inadvertent Production of Privileged or Otherwise Protected Material</u>. The parties agree that if a party inadvertently produces information subject to a claim of attorney-client privilege or attorney work product protection or other privilege or immunity, that disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that would otherwise be available. If the producing party makes a claim of inadvertent disclosure, the receiving party shall not use or disclose the information and, within five (5) business days, return, sequester, or destroy all copies of the inadvertently disclosed information and provide a certification of counsel that all such inadvertently disclosed information has been returned, sequestered, or destroyed. The inadvertently disclosed information shall thereafter be disclosed, as appropriate, on the producing party's privilege log, and the receiving party shall remain free to challenge the claim that the information is privileged. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

13. <u>Large Language Models / Generative AI Tools</u>. Absent notice to and permission from the producing party, any person authorized to have access to CONFIDENTIAL or CONFIDENTIAL ATTORNEYS'-EYES ONLY material under the terms of this Order shall not use or employ any application, service, or analytical software that will transfer, transmit, send, or allow any external access to that CONFIDENTIAL or CONFIDENTIAL ATTORNEYS'-EYES

ONLY material (in whole or in part) unless such application, service, or analytical software is fully containerized (i.e., does not transmit any information to any public system or network for the purpose of analysis, use, or the generation of text outputs in response to queries, has the ability to track all information in the system (including access), and does not otherwise allow access to CONFIDENTIAL or CONFIDENTIAL ATTORNEYS'-EYES ONLY material by persons other than authorized persons under this Order). For the avoidance of doubt, this restriction expressly applies to the use of non-containerized advanced large language models, "generative" AI tools, and other advanced AI systems, including, but not limited to, Open AI GPT, ChatGPT 3/4 et seq., Google Gemini, Meta LLAMA, MidJounrey, DALL-E, and Stable Diffusion, but this provision does not limit the use of services leveraging the technology underlying these generative AI tools in a fully containerized environment, including, but not limited to, Harvey, Relativity aiR, DISCO Cecelia, Everlaw AI Assistant, Lexis+ AI, Eqip AIDA, Lighthouse AI, and Westlaw Co-Counsel. For purposes of clarity, "fully containerized," as used in this Order, means an AI tool that does not share the substance of a prompt or documents reviewed for training of Large Language Models or use the substance of a prompt or documents reviewed in any other matter or inquiry other than this action.

14.    <u>Non-Termination and Return of Documents</u>.    Within 60 days after the final disposition of this action as defined in Section 4, including the exhaustion of all appeals, all confidential material including all copies, extracts and summaries thereof, shall be returned to the producing party or destroyed. Notwithstanding this provision, counsel for the parties are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material. Any

11

such archival copies that contain or constitute Designated Material remain subject to this Protective Order as set forth in Section 4. The confidentiality obligations imposed by this agreement shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

15.    Non-Parties. The terms of this Order are applicable to information produced by a non-party in this litigation and designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY. Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

16.    Duration. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**IT IS SO ORDERED:**

Dated: January 27, 2026
      New York, New York

_____
Hon. Paul A. Engelmayer
United States District Judge

Copies furnished to:

Counsel of record